UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stoney Lester, # 91093-020, | ) | |
| | ) | C/A No. 6:06-cv-1975-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America;  Matthew | ) | **ORDER** |
| Hamidullah, Warden, FCI Estill; Ms. Barron, | ) | (Written Opinion) |
| Physician's Assistant, FCI Estill; and | ) | |
| Mr. Sims, Assistant Health Services | ) | |
| Administrator, FCI Estill, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 28, 2007 and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on July 10, 2006, pursuant to 42 U.S.C. § 1983.  Defendants moved for summary judgment on November 20, 2006.  On November 21, 2006, the magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment motion and his right to respond.  The plaintiff failed to file a response to the motion for summary judgment.  On March 1, 2007, the magistrate issued a second order, granting Plaintiff additional time to respond to the motion.  In this order, the magistrate judge specifically advised Plaintiff of the consequences of his failure to respond.  Again, Plaintiff failed to file a response.  The magistrate judge now recommends dismissing this action for Plaintiff's failure to prosecute.

1

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

2

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed no objections to the Report and Recommendation.

After reviewing the Report and Recommendation and the record in this case, this Court finds the magistrate's report accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 1, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of

3

Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.